UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TIFFANY RILEY,   )
                 )
    Plaintiff,   )
                 )
v.               )   Case No. 5:20-cv-108
                 )
WINDSOR SOUTHEAST SUPERVISORY   )
UNION, MOUNT ASCUTNEY SCHOOL    )
DISTRICT BOARD, DAVID W. BAKER, )
ELIZABETH BURROWS, AMY MCMULLEN,)
BETH CARTER, KRIS GARNJOST, NANCY)
PEDRICK, AND BILL YATES,        )
                 )
    Defendants.  )

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS COUNTS 104 AND 6 OF FIRST AMENDED COMPLAINT**
(Docs. 10, 17)

This case concerns the decision of the defendant Mount Ascutney School District Board ("School Board") to place plaintiff Tiffany Riley, principal of the Windsor School, on administrative leave following a controversy over two Facebook posts concerning the Black Lives Matter movement. The immediate issue concerns the parties' compliance with 16 V.S.A. § 243(d) which establishes the process for termination of a school principal for cause.

Plaintiff seeks a preliminary injunction preventing the School Board from "taking any additional actions against the Plaintiff or scheduling and/or requiring the Plaintiff to attend any meetings with the Board or hearings under 16 V.S.A. § 243 until the Court is able to rule on whether the Plaintiff was dismissed by the Defendants as of June 12, 2020." (Doc. 10.)

The defendants seek to dismiss plaintiff's claims that she was dismissed (Count 1), that she was subject to retaliation for exercising her right of free speech and subjected to viewpoint discrimination (Counts 2 and 3), that she was denied due process (Count 4), and that defendant breached her employment contract because these claims do not become ripe unless and until plaintiff's employment is terminated by the School Board. (Doc. 17.)

1

The facts relevant to both motions are set out in the First Amended Complaint (Doc. 9) and in the communications between the parties attached to their memoranda.

On June 12, 2020, Superintendent David Baker wrote to plaintiff to advise her that the members of the School Board "indicated no confidence in your leadership at the Windsor School. They want me to enter into negotiations with you about a suitable severance package and a resignation from you." (Doc. 9-3.) On the same date, the chair of the School Board and other members circulated a letter setting out one of plaintiff's Facebook posts and concluding that "we have voted unanimously to place Ms. Riley on paid leave, effective immediately, and we are resolved that she will no longer head our school." (Doc. 9-5.)

On June 18, 2020, the School Board sent an open letter to the community acknowledging its decision to place plaintiff on paid leave and leaving open the question of her future employment status. "We believe it is unwise to rush into any decision regarding a plan moving forward." (Doc 10-1.)

On June 25, 2020, counsel for plaintiff wrote to the School Board and its attorney requesting "a hearing consistent with the requirements of Section 243(d), within 15 days from the receipt of this letter." (Doc. 20-2.) Counsel's letter questioned the School Board's ability to conduct a hearing in good faith but advised that "such a hearing is necessary so that the decision and actions of the School Board can be challenged in Vermont Superior Court to establish that the School Board has breached its obligations to and contract with Ms. Riley." (Doc. 20-2.)

The School Board has now determined that it will go forward with the Section 243(d) hearing. In its Reply to Opposition to Motion to Dismiss, counsel represents:

> As a result of the escalating litigation, on July 27, 2020 the Board voted to terminate [plaintiff] pending the outcome of a Board hearing pursuant to § 243(d).

(Doc. 25 at 3.) The parties have scheduled a mediation session for August 20, 2020, and represent that they will set a date for the § 243(d) hearing thereafter.

## ANALYSIS

The court starts with the motion for a preliminary injunction. "In order to justify the award of a preliminary injunction, the moving party must first demonstrate that it is likely to

2

suffer irreparable harm in the absence of the requested relief." *Sperry Int'l Trade, Inc. v. Government of Israel*, 670 F.2d 8, 11 (2d Cir. 1982). In addition, the moving party must also demonstrate a likelihood of success on the merits or it must raise "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 71 (2d Cir. 1979).

In this case, plaintiff seeks an injunction preventing the School Board from conducting an administrative hearing under state law. She argues in effect that outcome is pre-determined and that she will be harmed by her appearance before the School Board. These claims are insufficient to demonstrate irreparable harm for several reasons. First, plaintiff herself sought the same hearing on June 25, 2020. Then it was the defendant who sought to avoid the hearing on grounds that no termination decision had been made. Second, section 243(d) gives both parties the right to require the due process hearing. In making a termination decision, the School Board "may provide that its order shall take effect immediately, or following a hearing." In this case, the School Board has chosen to set a hearing. (The plaintiff has the same right to request a hearing.) Third, claims for emotional distress are commonly resolved through damage awards, not by injunctions directed at the administrative process.

The court has considered plaintiff's contention that the School Board and the Superintendent made up their minds to terminate her on June 12, 2020, and that any subsequent proceedings cannot alter their very public decision on that date. By appearing at a future section 243(d) hearing, the plaintiff waives none of her claims against defendants. She will be participating in the statutory process for potential termination. She remains free to argue that she was constructively discharged on June 12, 2020. The court makes no decision on that issue except to withhold any preliminary order preventing the section 243(d) hearing from taking place.

The court turns to the defendant's motion to dismiss. The motion concerns ripeness. Defendant argues that until the termination process is complete –which may or may not occur— claims of constitutional and common law tort are premature. The court resolves this issue by waiting for a final decision on plaintiff's termination before requiring an answer or other substantive response. The statutory timeframe under § 243(d) is short. If the case does not settle

3

at the mediation session, the parties will set the hearing within a few weeks. Both sides will have an opportunity to address the merits of plaintiff's claims in this case after the administrative process is complete.[1]

## CONCLUSION

The motion for preliminary injunction (Doc. 10) is DENIED. The motion for expedited hearing (Doc. 13) is DENIED. The motion to dismiss (Doc. 17) is DENIED. The time for plaintiffs to answer the first amended complaint is extended to 14 days after issuance of a written decision by the School Board issued pursuant to 16 V.S.A. § 243(d). The motion for a hearing and to consolidate hearing with a trial on the merits of the declaratory judgment count (Doc. 22) is DENIED.

Dated at Rutland, in the District of Vermont, this 13th day of August, 2020.

Geoffrey Crawford, Chief Judge
United States District Court

---

[1] Section 243(d) also includes a provision for judicial review under V.R.Civ.P. 75. If the parties pursue that process, it could last for several years, including a potential appeal. In extending the time to answer, the court does not suggest that the § 1983 damages claim and related state law claims before this court will be stayed until all appeals are exhausted. That is an issue the court and the parties can take up later.